IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNNAMED MOTHER, individually
and as parent and next friend of
JANE DOE, a minor,

    Plaintiff,

vs.                                                                                          Civ. No. 25-154 KWR/SCY

UNITED STATES OF AMERICA,

    Defendant.

**ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM**

This matter comes before the Court on Plaintiff's Motion to Proceed Anonymously or Under a Pseudonym. Doc. 15. Plaintiff filed her complaint anonymously, using "Jane Doe" to identify her minor child and "Unnamed Mother" to identify herself, as the parent and next friend of the minor child. Doc. 1. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Additionally, although Rule 5.2(a)(3) provides for minors to proceed by initials only, it does not provide for minors to proceed by fictitious names such as "Jane Doe." Therefore, the Court issued a Notice Regarding Use of Pseudonym, requiring Plaintiff to show cause in writing why her full name and the initials of her minor child should not be fully disclosed in public filings. Doc. 12. In response, Plaintiff filed the motion to proceed anonymously, requesting that she be allowed to proceed under "Unnamed Mother" and her minor child be allowed to proceed under "Jane Doe." Doc. 15. Defendant takes no position as to the motion. *Id.* at 2.

The Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d

1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).

Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

Starting with Unnamed Mother, the Court finds that she has met her burden of showing that the need for anonymity outweighs the public interest in favor of openness. The complaint alleges that Unnamed Mother was in a relationship with a former Governor of the Pueblo of Jemez, who sexually abused her daughter, Jane Doe, when she was between the ages of 7 and 9. Doc. 1 ¶¶ 29-36. Jane Doe's allegations of sexual abuse are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. Indeed, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir. 1997)); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."). And although Jane Doe, not Unnamed Mother, alleges the sexual abuse, publication of the mother's name would be nearly equivalent to

identifying her daughter. *See J.B. on behalf of K.E. v. Charley*, No. CV 21-632 SMV/SCY, 2021 WL 6334948, at *1 (D.N.M. Aug. 18, 2021); *GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at *7 (D. Kan. Sept. 30, 2021) (collecting cases and finding that "allowing the adult parent to proceed anonymously amounts to a recognition that ordering disclosure of the parent's identity could result in the identification of the minor child"). ‼

Turning to Jane Doe, Rule 5.2(a)(3) provides for minors to proceed by initials only; it does not provide for minors to proceed by fictitious names such as "Jane Doe." However, the Court agrees with Plaintiff that there is not "a meaningful difference between allowing plaintiff to proceed via initials versus as a Jane Doe, so long as she is identifiable from the court record." *Cruz for Doe 2 v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. 1:25-CV-00306-KG-JMR, 2025 WL 1531162, at *2 (D.N.M. May 29, 2025). ‼

The Court therefore grants Unnamed Mother permission to proceed anonymously and grants Jane Doe permission to proceed with the pseudonym instead of her initials. In doing so, the Court requires Unnamed Mother to disclose her name to the defense and the Court. *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Anonymously or Under a Pseudonym (Doc. 15) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall file, no later than **August 27, 2025**, an unredacted complaint under seal that places her real name on the record. In all other filings,

Plaintiff may proceed as Unnamed Mother.[1]

                                                    _____
                                                    Steven C. Yarbrough
                                                    United States Magistrate Judge

---

[1] Only Plaintiff Unnamed Mother is required to disclose her real name in a sealed filing. Jane Doe, a minor, is not required to disclose her real name. Fed. R. Civ. P. 5(a)(3).